UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SOHAIL MAYAN,

Petitioner,

v.                                               CAUSE NO. 3:26-CV-353-CCB-SJF

KRISTI NOEM, et al.,

Respondents.

## ORDER TO SHOW CAUSE

Immigration detainee Sohail Mayan, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. According to the petition, Mayan is a stateless 41-year-old man who was born in Pakistan. In 1988, he entered the United States as a refugee. On July 11, 2019, an immigration judge ordered him removed. On May 25, 2020, the government released Mayan on an Order of Supervision because they were unable to obtain travel documents for him. On September 11, 2025, Immigration and Customs Enforcement (ICE) detained him a second time, and he is currently held at the Miami Correctional Facility.

Mayan asserts his detention is unlawful because his removal is not reasonably foreseeable. He alleges that he has never had travel documents from Pakistan or a passport from any country. He also alleges that the circumstances of his removal remain unchanged since the government's unsuccessful efforts to remove him in 2019-2020. He further asserts that his detention is unlawful because he has not violated his Order of

Supervision and has not received notice of or an opportunity to object to removal to a third country. For relief, he seeks his immediate release from detention and the return of any confiscated identity documents.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, the court's jurisdiction over the lawfulness of Mayan's detention under § 1231(a) is secure.

When answering the petition, the respondents should note that the court has already determined that it has subject matter jurisdiction over petitions challenging re-detention under 8 U.S.C. § 1231(a). More specifically, the court determined 8 U.S.C. § 1252(g) does not strip this court of jurisdiction over a habeas petition challenging a petitioner's re-detention under § 1231(a). *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684 at *1-*2 (N.D. Ind. Dec. 29, 2025) (Brisco, J.), *appeal docketed* No. 26-1404 (7th Cir. Mar. 2, 2026); *Vu v. English*, No. 3:25-CV-999-DRL-SJF, 2026 WL 194171 at *2-*3 (N.D. Ind. Jan. 26, 2026) (Leichty, J.). To the extent that the respondents would raise the same arguments regarding subject matter jurisdiction already discussed in *Pho* and *Vu*, there is no need to rehash these same arguments. The court will deem such arguments preserved for review without need to repeat them in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new.

For these reasons, the court:

(1) **DIRECTS** the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Secretary of the Department of Homeland Security at the Office of General Counsel; (c) the Field Office Director for the Chicago ICE Field Office at the Office of the Principal Legal Advisor; and (d) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) **DIRECTS** the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) **ORDERS** the people listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(4) **ORDERS** the respondents to file a brief status report by **March 24, 2026**, with a continuing obligation to supplement with new information, detailing whether there are plans to remove Sohail Mayan from the United States in the next thirty days and, if so, to where;

(5) **ORDERS** the respondents to answer the petition by **March 27, 2026**, including, in addition to any other relevant evidence, (a) a copy of the Order of Supervision that was revoked, a copy of the decision revoking his Order of Supervision, and any documentation relevant to those decisions; (b) the date of the informal

3

interview and any other custody reviews following Sohail Mayan's re-detention and documentation from those matters, and (c) the dates any travel documents have been requested and the countries from which those travel documents have been requested; and

(6) **ORDERS** that Sohail Mayan may file a reply by **April 3, 2026**.

SO ORDERED on March 19, 2026

 /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT