UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SOHAIL MAYAN,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

CAUSE NO. 3:26-CV-353-CCB-SJF

## **OPINION AND ORDER**

Immigration detainee Sohail Mayan, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondents have answered the petition, and Mayan has filed a reply. ECF 7, ECF 9. The petition is ready to be decided.

## BACKGROUND

Mayan is a native of Pakistan and a stateless citizen. ECF 7-1. He entered the United States as a refugee in 1988. *Id.* He was convicted of crimes in Florida in 2017 and 2018. *Id.* On December 4, 2019, an immigration judge ordered him removed. *Id.* On May 25, 2020, Immigration and Customs Enforcement (ICE) released Mayan on an Order of Supervision. ECF 1 at 2. On September 11, 2025, ICE detained him again, and he is currently at the Miami Correctional Facility. *Id.* at 2-3. On March 24, 2026, the respondents filed a status update representing that they did not intend to remove Mayan within the next thirty days. ECF 6.

<u>SUBJECT MATTER JURISDICTION</u>

The respondents first argue that the court lacks subject matter jurisdiction over Mayan's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondents first argue that Mayan's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Mayan ended six years ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

2

forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Mayan has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the respondents concede that they cannot obtain travel documents from Pakistan and identify no other country under consideration for removal. The government did not remove him during his initial detention period in 2020, and his immediate term of detention now spans seven months. The court finds that this showing constitutes good reason to believe that there is no significant likelihood of Mayan's removal in the reasonably foreseeable future.

To rebut this showing, the respondent offers only a vague and unsworn representation that the Department of Homeland Security is attempting to confirm third party removal. ECF 7 at 2. This meager showing does not persuade the court that Mayan's removal is likely to occur within the reasonably foreseeable future. It does not explain why efforts to remove Mayan will be successful now when they were

3

unsuccessful in 2020. It also does not identify a country where the government intends to remove Mayan or provide any insight into why the government remains unable to identify such a country after seven months of re-detention. Consequently, the court finds Mayan's removal is not reasonably foreseeable. Therefore, the respondents must release Mayan.

In the petition, Mayan also asks the court to order the respondents to return his identity documents to him upon his release. Habeas allows for equitable remedies and allows courts "to fashion appropriate relief other than immediate release." *Peyton v. Rowe*, 391 U.S. 54, 66 (1968). But the custody requirement is absolute, *see Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."), even if that custody is in the future, *see Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("[T]he writ is available as well to attack future confinement and obtain future releases."). This request does not appear to be materially related to Mayan's present or future custody. Nor is there any suggestion in the record that the respondents will refuse to return identity documents to Mayan upon his release. Therefore, the court declines to grant this form of relief.

For these reasons, the court:

(1) **PARTIALLY GRANTS** the petition for writ of habeas corpus (ECF 1) and ORDERS the respondents to release Sohail Mayan on the same conditions of supervised

4

release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **April 13, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on April 9, 2026

s/Cristal C. Brisco
JUDGE
UNITED STATES DISTRICT COURT